OPINION
Defendant-appellant, Billie J. Doan, appeals her conviction in the Butler County Court of Common Pleas for disseminating matter harmful to juveniles in violation of R.C.2907.31. For the reasons that follow, we affirm appellant's conviction.
Appellant is a sales clerk at VIP Video, a video sales and rental store in Millville, Ohio. VIP Video's inventory consists entirely of sexually oriented and "adult" materials.
On October 13, 1997, Carl Frybarger, age thirty-seven, and his son Mark, age seventeen, decided Mark should attempt to rent a video from VIP Video. They were concerned about the presence of an adult video store in their community and wanted to see if the store would rent a sexually explicit movie to a minor. Carl gave Mark his driver's license to use as identification and a credit card. Mark entered the store, selected a video, and presented it to a clerk[1] along with his father's driver's license and credit card. The clerk sold the video to Mark who then left the store.
That same evening Carl, concerned that his son was able to buy the adult video, contacted the Butler County Sheriff's Department. Sergeant Greg Blankenship, supervisor of the Drug and Vice Unit of the Butler County Sheriff's Department, interviewed the Frybargers about the transaction. Sergeant Blankenship decided that Mark should again attempt to purchase movies from VIP Video during a controlled buy using marked money and wearing a radio transmitter wire.
On October 14, 1997, Mark entered VIP Video without any identification, carrying $100 in marked bills from the sheriff's department. Appellant was the clerk on duty. Mark browsed the store and eventually selected four videos to purchase. Appellant asked Mark about his age. Mark told her that he was thirty-seven years old and that he had been in the store the previous day. Appellant asked Mark where he worked. Mark, describing his father's job, falsely told appellant he was a district manager for a restaurant chain. Mark told appellant that he had used a credit card to make his purchase the prior evening, but this time he planned to use cash and did not have any identification with him. Appellant accepted the cash and completed the sales transaction with Mark. She did not require any identification or proof of Mark's age.
Mark left the store and met Sergeant Blankenship across the street. Mark turned over the videos, the wire, and the change from the transaction. Sergeant Blankenship and several other officers then entered the store, retrieved the marked currency from the cash register, and arrested appellant. Appellant was charged with two counts of recklessly disseminating obscene or harmful material to a juvenile in violation of R.C. 2907.31.
Appellant pled not guilty to the charges and she was tried before a jury. At the close of the state's case, appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29. The trial court denied the motion. Appellant also requested a jury instruction on the defense of entrapment. The trial court rejected appellant's requested instruction, finding that she failed to meet the burden of production required under R.C.2901.05(A) for the affirmative defense.
The jury found appellant guilty on one count of disseminating material harmful to a juvenile. The trial court imposed upon appellant a sentence of six months in jail, which was suspended; three years of probation; a $1,000 fine; and one hundred twenty hours of community service. Appellant timely filed this appeal and raises two assignments of error. For purposes of clarity, we will address the assignments of error in reverse order.
In her second assignment of error, appellant argues that the trial court erred in denying her Crim.R. 29 motion for acquittal because there was insufficient evidence to support her conviction for recklessly selling harmful material to a minor. Specifically, appellant argues the state failed to produce any evidence proving that she acted recklessly.
Under Crim.R. 29(A), a court shall not order entry of a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. This court's standard of review of a claim of insufficient evidence is set forth in State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia
[1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Appellant was convicted of violating R.C. 2907.31(A), which states:
 No person, with knowledge of its character or content, shall recklessly do any of the following:
 (1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles[.]
"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to be of a certain nature." R.C. 2901.22.
Appellant asserts that she was not reckless when she sold the adult videos to Mark Frybarger because she had no reason to believe that he was less than eighteen years old, especially since he spoke knowledgeably about managing restaurants. Appellant contends that Mark looked like "a young man of indeterminate age." Mark was in fact only a couple of weeks away from his eighteenth birthday when the transaction took place. Appellant further argues that she was not reckless when she relied upon Mark's description of his prior purchase with a credit card as proof of his age.
Appellant's assertions merely beg the question of whether she was reckless. Appellant never required Mark to produce any form of identification demonstrating he was at least eighteen years of age. Instead, she chose to rely on Mark's oral assertions that he was thirty-seven years old and that he had been in the store the prior evening as proof he was of legal age. From this evidence, we find that a rational trier of fact could find appellant was reckless beyond a reasonable doubt. As a result, the trial court did not err in denying appellant's Crim.R. 29 motion. Appellant's second assignment of error is overruled.
In her first assignment of error, appellant argues that the trial court abused its discretion by failing to give an instruction to the jury on the defense of entrapment. Appellant asserts she was entitled to the instruction because the evidence demonstrated that the Butler County Sheriff's Office "set up the circumstances that led to the sale of the adult video to a minor" and that she was not predisposed to commit the prohibited sale.
It is well-established that a trial court should confine its jury instructions to the issues raised by the pleadings and the evidence. Becker v. Lake Cty. Mem. Hosp. West (1990), 53 Ohio St.3d 202,208. The trial court will not instruct the jury where there is no evidence to support an issue, but an instruction should be given if it is a correct statement of law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the specific instruction. Murphy v.Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. Thus, when reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case.State v. Wolons (1989), 44 Ohio St.3d 64, 68. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Entrapment is an affirmative defense which the defendant has the burden of proving by a preponderance of the evidence. Statev. Doran (1983), 5 Ohio St.3d 187, paragraph two of the syllabus; R.C. 2901.05(A). Entrapment exists "where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute."Doran at paragraph one of the syllabus. Thus, entrapment is a confession and avoidance defense. Id. at 193. In order to establish entrapment, the defendant admits participation in the criminal activity but attempts to excuse that conduct by claiming the criminal design originated with government officials. Id.
However, there is no entrapment when government officials "merely afford opportunities or facilities for the commission of the offense" to a criminal defendant who was predisposed to commit the offense. Id. at 192. Some of the relevant factors to consider in determining the criminal defendant's predisposition to commit the offense are
 (1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity.
Id. The defendant asserting the entrapment defense must adduce evidence supporting her lack of predisposition. Id.
Appellant failed to prove, by a preponderance of the evidence, that the police entrapped her into recklessly selling harmful material to a minor. Appellant cannot establish entrapment by relying on the fact that Sergeant Blankenship testified that he sent Mark into the store to see if someone would sell him sexually oriented materials. Such testimony merely demonstrates that Sergeant Blankenship was providing an opportunity for the crime to occur. Appellant demonstrated her predisposition to commit the offense by her ready acquiescence and willingness to sell the video to Mark without verifying his age. We therefore find that the trial court did not abuse its discretion when it refused to give the jury an instruction on the defense of entrapment. Accordingly, appellant's first assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellant was not on duty on October 13, 1997.